UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CHRISTOPHER DAVIS                                                                          PLAINTIFF

v.                                                               CIVIL ACTION NO. 4:16-CV-P94-JHM

SOUTHERN HEALTH PARTNERS                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Davis, a pretrial detainee incarcerated in the Henderson County Detention Center (HCDC), filed a *pro se* complaint under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss Southern Health Partners (SHP) and the claims against it, dismiss the claim for expungement or release, and allow Plaintiff to amend his complaint.

**I. SUMMARY OF CLAIMS**

Plaintiff names one Defendant in this action, SHP. Plaintiff identifies SHP as "a Private entity that Provides Medical Services to Prison inmates under color of state law." As relief, Plaintiff seeks monetary damages and "expungement of records or Release."

In his complaint, Plaintiff states that around September 21st,[1] he became ill due to not receiving his medication for "a week in a half from Southern Health Partners for [his] High Blood Sugar." Plaintiff states that when he asked for treatment, Nurse Leah Humphries "Denyed Service." According to Plaintiff, he asked Nurse Humphries to be taken to the hospital since he had his own insurance, "but Leah said to [him] that she was not going to take [him] to the

---
[1] Plaintiff fails to state the year in which the alleged violations occurred.

Hospital.  Instead she Refused [him] medical care and put [him] in the Jail's hole for seven Days."  Plaintiff states that he "was in so much pain [he] though [he] was going to Die."  According to Plaintiff, when he got ill he "called for the guard for over and Hour when a guard Underwood came and sat [him] down in the Jail hallway for over and Hour with no help."

Plaintiff states that on September 22nd, SHP "was giving [him] medication that was not Prescribe to [him] by [his] Doctor while all the time [he] had [his] medication from [his] Doctor that [his] wife sent in But the Nurse said it was lost."

Plaintiff further states that in May 2016, he ran out of the blood sugar medication that his wife had "sent in . . . and the nurse at Southern Health Partners tryed to gived [him] medication that was not Prescribe to [him] by [his] Doctor."  Plaintiff states that he refused this medication and "didn't have any medication for three weeks."  He asserts that he "was sick and went for three weeks with no medication."

## II.  STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Southern Health Partners." *Detwiler v. S. Health Partners*, No. 3:16-cv-P343-DJH, 2016 WL 4083465, at *2 (W.D. Ky. Aug. 1, 2016) (citing *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 691 (1978) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.")). SHP cannot be held liable on a respondeat superior basis for the actions of its employees. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001); *Ruley v. S. Health Partners*, No. 4:10-CV-P34-M,

3

2011 WL 2214998, at *4 (W.D. Ky. June 6, 2011). A private corporation such as SHP is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of the constitutional right. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

Plaintiff makes no allegation that the alleged constitutional deprivation resulted from a policy or custom of SHP. Consequently, Plaintiff fails to state a claim against SHP, and SHP and the claims against it will be dismissed.

Further, part of the relief Plaintiff seeks is for the Court to expunge his records or release him. He, therefore, seeks an immediate or speedier release from imprisonment. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*,

4

411 U.S. 475, 500 (1973). The § 1983 claim for equitable relief, therefore, cannot lie and will be dismissed.

Rather than dismissing this entire action at this time, the Court will allow Plaintiff to amend his complaint. Plaintiff alleges that he was given the incorrect medications and denied medication and medical treatment. However, he fails to name as Defendants any individuals he alleges were responsible for the claimed violations. "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff to amend his complaint to name as Defendants the specific individual(s) who was/were responsible for denying him medication and medical treatment and for giving him medication not prescribed for him.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against SHP and the claims seeking expungement of Plaintiff's records or Plaintiff's release are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **SHP** is **DISMISSED** as a Defendant from this action since there are no remaining claims against it. The **Clerk of Court** is **DIRECTED** to remove SHP as a Defendant from the docket of this action.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may amend his complaint to name, in their individual capacity, the specific individual(s) who was/were responsible for denying him medication and medical treatment and for giving him medication not prescribed for him, if he so chooses. The **Clerk of Court** is **DIRECTED** to send

5

to Plaintiff a 42 U.S.C. § 1983 complaint form with this case number and the word "AMENDED" affixed thereto for Plaintiff's use should he wish to amend the complaint. Once received, the Court will perform screening of the amended complaint.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein**.

Date: November 29, 2016

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4414.003