UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHRISTOPHER DAVIS                                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:16CV-P94-JHM

LEAH HUMPHRIES *et al.*                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On November 29, 2016, the Court performed initial review of the complaint in this action and dismissed the sole Defendant, Southern Health Partners (SHP), and the claims against it and dismissed the claim for expungement or release (DN 8). Further, the Court allowed Plaintiff to amend his complaint to name as Defendants the specific individual(s) who was/were responsible for denying him medication and medical treatment.

Plaintiff has filed an amended complaint (DN 9), which is currently before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Upon review, the Court will dismiss Defendant Gibbson and the claims against her and allow the Fourteenth Amendment failure to treat and First Amendment retaliation claims to proceed against Defendant Humphries in her individual capacity.

**I.**

In his amended complaint (DN 9), Plaintiff lists SHP and Leah Humphries as Defendants in the caption of the complaint. In the "Parties" portion of the complaint, Plaintiff identifies Leah Humphries, a nurse employed by SHP, and Lesley Gibbson, who Plaintiff states "[r]uns" the Henderson County Detention Center (HCDC), as Defendants in this action. Plaintiff sues

Defendants Humphries and Gibbson in their individual capacities. As relief, Plaintiff states that he is seeking monetary damages and "expungement of records."

The Court previously dismissed SHP and the claims against it and dismissed the claim for expungement or release. Plaintiff has presented no additional facts or arguments as to the previously dismissed claims and Defendant; thus, their dismissed status remains unchanged, and the Court will not address them herein. The Court considers the sole Defendants for purposes of the amended complaint and its review to be Defendants Humphries and Gibbson and that Plaintiff seeks only monetary relief.

In his amended complaint, Plaintiff states as follows:

> Around September 21, 2015 I became ill due to not receiving my medication for a week in a half from Southern Health Partners for my High Blood Sugar. When I asked for treatment Nurse Leah Humphries Denied Service. I asked Nurse Humphries to take me to the hospital since I had my own insurance. But Leah said no she was not going to take me to Hospital. Instead she Refused me medical care and put me in the Jail's hole for seven Day's.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a

2

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. *Defendant Gibbson*

Plaintiff names Lesley Gibbson, who he identifies as the person who "[r]uns" the HCDC, as a Defendant in his amended complaint. However, Plaintiff makes no allegations against her in the amended complaint. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application

3

thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d at 421. Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed . . . ." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

There are no allegations in the amended complaint as to Defendant Gibbson. Having failed to allege any conduct on the part of Defendant Gibbson that violates Plaintiff's rights, the individual-capacity claim against her will be dismissed. Further, there being no remaining claims against her, Defendant Gibbson will be dismissed from this action for failure to state a claim upon which relief may be granted.

### B. Defendant Humphries

#### 1. Medical Claim

Plaintiff, a pretrial detainee, alleges that Defendant Humphries refused him medical care when he became ill around September 21, 2015.

"The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "In the context of medical care for prisoners and pretrial detainees, it is well established that 'deliberate indifference to a prisoner's [or detainee's] serious illness or injury states a cause of action under § 1983.'" *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) (alteration in original).

Upon consideration, the Court will allow the Fourteenth Amendment claim against Defendant Humphries in her individual capacity for deliberate indifference to Plaintiff's serious medical needs to proceed.

#### 2. Retaliation Claim

Not only does Plaintiff allege that Defendant Humphries refused him medical treatment, but he also alleges that she put him "in the jail's hole for seven Day's" instead of treating him.

5

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Upon consideration, the Court will allow the First Amendment retaliation claim against Defendant Humphries in her individual capacity to proceed.

### IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that **Defendant Gibbson** and the claims against her are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to terminate Lesley Gibbson as a Defendant from the docket of this action.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment failure to treat and the First Amendment retaliation claims against Defendant Humphries in her individual capacity will proceed.

The Court will enter a separate Scheduling Order directing service and governing the development of the continuing claims.  In permitting these claims to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date:  February 3, 2017

*Joseph H. McKinley*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Henderson County Attorney
4414.003