UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHRISTOPHER DAVIS                                                                                           PLAINTIFF

v.                                                   CIVIL ACTION NO. 4:16CV-P94-JHM

SOUTHERN HEALTH PARTNERS et al.                                    DEFENDANTS

**MEMORANDUM OPINION**

On February 3, 2017, the Court entered a Scheduling Order and Order Directing Service (Scheduling Order) in this action (DN 11). According to the Scheduling Order, the parties had until June 28, 2017, to complete all pretrial discovery. The Scheduling Order ordered Plaintiff to file a pretrial memorandum no later than July 28, 2017. The Scheduling Order allowed the only remaining Defendant, Leah Humphries, to file her pretrial memorandum no later than August 28, 2017. However, if Plaintiff failed to file the required pretrial memorandum, the Scheduling Order allowed Defendant up to August 28, 2017, to file a dispositive motion in lieu of her pretrial memorandum. According to the Scheduling Order, all dispositive motions were to be filed by August 28, 2017. The time for discovery, for filing pretrial memoranda, and for filing dispositive motions expired without any pretrial memoranda or dispositive motions being filed by Plaintiff or Defendant Humphries.

Thus, on September 22, 2017, the Court entered an Order (DN 16) giving the parties 20 days from the entry of the Order to notify the Court as to the status of the case. On October 2, 2017, Defendant Humphries, by counsel, filed a status report with the Court (DN 17). In her status report, Defendant Humphries states, in part, that "[s]ince Defendant filed her answer, she has received no discovery or other communications from Plaintiff relating to this case." Plaintiff

did not respond to the Court's September 22, 2017, Order to notify the Court as to the status of this case.

On October 30, 2017, the Court entered an Order (DN 18) giving Plaintiff another opportunity to notify the Court as to the status of this case. The Court warned Plaintiff that failure to comply with the Order within the 20 days allowed would result in dismissal of this action. The copy of this Order sent to Plaintiff was returned to the Court (DN 19) marked "Return to Sender, Attempted-Not Known, Unable to Forward."

Upon the action being filed in this Court, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of another address change to the Court, neither orders or notices from this Court nor filings by Defendant can be served on him, and dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

A review of the docket in this case reveals that Plaintiff has taken no action in this case since January 6, 2017. Defendant represents that Plaintiff has not engaged in any discovery or contacted Defendant regarding this case. Plaintiff has also failed to comply with straightforward Orders of this Court (DNs 11 & 16). Additionally, mail sent to Plaintiff by this Court has been returned to the Court. For these reasons, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action and will dismiss this action by separate Order.

Date: December 11, 2017

                                                 **Joseph H. McKinley, Jr., Chief Judge**
                                                 **United States District Court**

cc:    Plaintiff, *pro se*
       Counsel for Defendant
4414.003